## In re CLIPPER MFG. CO.

(Circuit Court of Appeals, Second Circuit. June 14, 1910.)

No. 293.

BANKRUPTCY (§ 391*)—STAY OF SUITS.

Since a suit to require defendant corporation to issue a certificate of stock, and for damages for refusing to issue it, involves a claim from which a discharge in bankruptcy would not be a release, the suit cannot be stayed under Bankr. Act July 1, 1898, c. 541, § 11a, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), providing for the stay of certain suits pending on bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 651; Dec. Dig. § 391.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York, in Bankruptcy.

In the matter of the Clipper Manufacturing Company, bankrupt. Petition by Adna G. Bowen to review an order of the District Court. Order reversed.

George H. Mallory, for petitioner.

William D. Moore (Leopold Leo, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The suit in the state court is founded upon allegations that Adna G. Bowen, plaintiff therein, was the owner of three shares of stock in the Clipper Manufacturing Company, defendant, and was the holder of a stock certificate therefor; that he delivered the certificate to the secretary of the company, with a request to issue a new certificate for the same shares in the name of Emma K. Bowen, and to deliver the same to him; that some months subsequently, not having received such new certificate, he notified the company of the withdrawal of his request for a new certificate and demanded the return to him of the old one; that the company refused so to do, stating that the old certificate was canceled, and that a new one had been issued to Emma K. Bowen; that he had repeatedly demanded the return to him, either of his old certificate, or of a new one in its place, which the company had refused to do. The prayer was for "judgment requiring defendant to issue to plaintiff a certificate in plaintiff's name for said three shares of the capital stock of defendant corporation, awarding to plaintiff his damages sustained by reason of the acts of defendant to the amount of $1,000."

In our opinion, the claim upon which this suit is founded is not one from which a discharge would be a release, and therefore section 11a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), providing for the stay of certain pending suits does not apply.

The order is reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes